# United States Court of Appeals
## For the Eighth Circuit

———————————

No. 18-3756

———————————

Steven E. Hill

*Plaintiff - Appellant*

v.

C V Rivera, Warden

*Defendant - Appellee*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

———————

Submitted: September 27, 2019
Filed: December 23, 2020

———————

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

———————

BENTON, Circuit Judge.

The district court[1] dismissed Steven E. Hill's habeas corpus petition under 28 U.S.C. § 2241. *See* **Hill v. Rivera**, 2018 WL 6182637, at \*4 (E.D. Ark. Nov. 27, 2018). He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————————

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, now retired.

In 2012, Hill, then a Sergeant in the United States Army, was convicted after trial by general court-martial of a rape committed in 1998. At the time of his conviction and direct appeals, there was no statute of limitations for prosecution of rape under the Uniform Code of Military Justice (UCMJ). *See, e.g.*, ***United States v. Stebbins***, 61 M.J. 366, 369 (C.A.A.F. 2005); ***Willenbring v. Neurauter***, 48 M.J. 152, 180 (C.A.A.F. 1998). In 2018, the Court of Appeals for the Armed Forces held for the first time that a five-year statute of limitations applied to rape. *See **United States v. Mangahas***, 77 M.J. 220, 222-24 (C.A.A.F. 2018).

Hill appealed to this court, arguing the new five-year statute of limitations applied retroactively to invalidate his conviction. *See **Hill v. Rivera***, 724 Fed. Appx. 511, 511-12 (8th Cir. 2018). This court remanded to the district court to consider the applicable statute of limitations in light of *Mangahas*. **Id.** at 512. The district court dismissed the habeas petition, ruling *Mangahas* inapplicable. **Hill**, 2018 WL 6182637, at \*1. Hill again appeals.

This month, in *United States v. Briggs*, the United States Supreme Court abrogated *Mangahas*, thus voiding the premise of Hill's appeal. *See **United States v. Briggs***, 2020 WL 7250099, at \*2 (U.S. Dec. 10, 2020) (holding there is no statute of limitations under the UCMJ for rapes committed between 1986 and 2006).

Hill's conviction was not untimely.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____